UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID SNYDER, )
)
       Petitioner, )
)
v. ) CAUSE NO. 3:16-CV-769 WL
)
SUPERINTENDENT, )
)
       Respondent. )

## OPINION AND ORDER

David Snyder, a *pro se* prisoner, filed a habeas corpus petition challenging WCC 16-03-0315, a prison disciplinary proceeding held at the Westville Correctional Facility on April 5, 2016, where a disciplinary hearing officer found him guilty of possessing a dangerous/deadly weapon in violation of A-106. As a result, he was sanctioned with 42 days loss of telephone privileges, 120 days in disciplinary segregation, and the loss of 30 days earned credit time. (DE 2-1 at 4.) The loss of earned credit time was suspended and has not yet been imposed. (DE 2 at 1.) As such, Snyder has not yet lost any earned credit time as a result of this hearing. Nevertheless, Snyder claims that there was insufficient evidence to find him guilty of the offense and that he was not given the right to prepare a defense.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, the suspended sentence was not imposed, and so the disciplinary action has not increased his duration of confinement. Because there was no increase in the length of confinement, Snyder cannot receive relief based on this habeas corpus claim.

"State prisoners who want to raise a constitutional challenge to any other decision, such as. . . administrative segregation . . . or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon." *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (citations omitted). Thus, if Snyder wants to challenge these disciplinary actions further, he will be required to file a Prisoner Complaint. The court expresses no opinion as to the merits or wisdom of filing such a case. Furthermore, he is cautioned that if he does so, he will have to pay the filing fee for such a case either in advance or over time and, if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

For these reasons, the petition is **DENIED** pursuant to § 2254 HABEAS CORPUS RULE 4 and the clerk is **DIRECTED** to send David Snyder a Prisoner Complaint packet.

ENTERED: November 15, 2016

s/William C. Lee
William C. Lee, Judge
United States District Court